**CV 08 3227**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

EDGAR LEON-CARABALLO, an infant under the age
of 18 years by his Mother and Natural Guardian, ROSA
CARABALLO, and ROSA CARABALLO, Individually

Plaintiff(s), *CNSI)*

-against-

THE COUNTY OF SUFFOLK, HUNTINGTON UNION
FREE SCHOOL DISTRICT, HUNTINGTON
INTERMEDIATE SCHOOL, MARY STOKKERS,
DAVID ZIMMERMAN, THE SUFFOLK COUNTY POLICE
DEPARTMENT, and POLICE OFFICER ANDREW FIORILLO

Defendant(s).

-------------------------------------------------------------------------X

Case No.: **FILED**

U'  IN C ERK'S OFFICE
   ICT COURT E.D.N.Y.

★   AUG 07 2008   ★

**COMPLAINT** G ISLAND OFFICE
**AND DEMAND**
**FOR JURY TRIAL**

**PLATT, 1.**

**ORENSTEIN, M.**

Plaintiffs, by their attorneys, THE LAW OFFICES OF ANTHONY A.

CAPETOLA, complaining of the Defendant(s), alleges upon information and belief:

**NATURE OF THE ACTION**

1. This is a civil action to recover damages for personal injuries suffered by

Plaintiffs as a direct and proximate result of the Defendants' negligent, wrongful and

intentional conduct and to redress Defendants' deprivation of Infant Plaintiff EDGAR

LEON-CARABALLO'S civil rights in violation of 42 United States Code Section 1983.

**JURISDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 United States Code Section 1331, in

that this action arises under 42 United States Code Section 1983.

3. The amount in controversy exceeds one hundred and fifty thousand dollars

($150,000) exclusive of interest and costs.

12. At all times hereinafter mentioned, Infant Plaintiff, EDGAR LEON-CARABALLO, was 11 years old, and a sixth grade student attending HUNTINGTON INTERMEDIATE SCHOOL during the 2006-2007 school year.

13. At all times hereinafter mentioned, Defendant, COUNTY OF SUFFOLK, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

14. At all times hereinafter mentioned, Defendant, COUNTY OF SUFFOLK is a body corporate and politic constituting a public benefit corporation.

15. At all times hereinafter mentioned, Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, was and still is a public school district and municipal corporation duly organized and existing under the laws of the State of New York.

16. At all times hereinafter mentioned, Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT is a body corporate and politic constituting a public benefit corporation.

17. At all times hereinafter mentioned, Defendant HUNTINGTON UNION FREE SCHOOL DISTRICT, was and still is a municipal corporation duly organized and existing under the laws of the state of New York and engaged in operating the HUNTINGTON INTERMEDIATE SCHOOL located at 155 Lowndes Avenue, Huntington Station, New York 11746, County of Suffolk, State of New York.

18. At all times hereinafter mentioned, Defendant, HUNTINGTON INTERMEDIATE SCHOOL, was and still is a municipal corporation duly organized and existing under the laws of the State of New York operating as an elementary school

located at 155 Lowndes Avenue, Huntington Station, New York 11746, County of Suffolk, State of New York.

19. At all times hereinafter mentioned, HUNTINGTON INTERMEDIATE SCHOOL were the servants, agents and/or employees of the COUNTY OF SUFFOLK.

20. At all times hereinafter mentioned, HUNTINGTON INTERMEDIATE SCHOOL were acting as servants, agents and/or employees of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

21. At all times hereinafter mentioned, Defendant, HUNTINGTON INTERMEDIATE SCHOOL is a body corporate and politic constituting a public benefit corporation.

22. At all times hereinafter mentioned, Defendant, MARY STOKKERS, was and still is a resident of the County of Suffolk, State of New York and is employed as the Principal of HUNTINGTON INTERMEDIATE SCHOOL.

23. At all times hereinafter mentioned, Defendant, MARY STOKKERS, was and still is a resident of the County of Suffolk, State of New York and is employed by the COUNTY OF SUFFOLK.

24. At all times hereinafter mentioned, Defendant, DAVID ZIMMERMAN, was employed as a teacher's aide at the HUNTINGTON INTERMEDIATE SCHOOL.

25. At all times hereinafter mentioned, DAVID ZIMMERMAN was the servant, agent and/or employee of the COUNTY OF SUFFOLK.

26. At all times hereinafter mentioned, DAVID ZIMMERMAN was the servant, agent and/or employee of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

27. At all times hereinafter mentioned, Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

28. At all times hereinafter mentioned, SUFFOLK COUNTY POLICE DEPARTMENT were the servants, agents and/or employees of the COUNTY OF SUFFOLK.

29. At all times hereinafter mentioned, SUFFOLK COUNTY POLICE DEPARTMENT were acting as servants, agents and/or employees of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

30. At all times hereinafter mentioned, defendant, SUFFOLK COUNTY POLICE DEPARTMENT is a body corporate and politic constituting a public benefit corporation.

31. At all times hereinafter mentioned, Defendant, POLICE OFFICER ANDREW FIORILLO, was and still is a resident of the County of Nassau, State of New York.

32. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was employed by the SUFFOLK COUNTY POLICE DEPARTMENT.

33. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was the servant, agent and/or employee of the COUNTY OF SUFFOLK.

34. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was the servant, agent and/or employee of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

35. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was the servant, agent and/or employee of the HUNTINGTON INTERMEDIATE SCHOOL.

## FACTUAL ALLEGATIONS

36.    At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, is a learning disabled special education student suffering from a rare life threatening condition known as Very Long Chain acyl CoA Dehydrogenase Deficiency (VLCADD). VLCADD is a rare autosomal recessive condition causing bodily metabolic disorder, Infant Plaintiff also suffers from emotional disabilities and mental retardation.

37. On May 14, 2007 Infant Plaintiff, EDGAR LEON-CARABALLO was 11 years old and a student at HUNTINGTON INTERMEDIATE SCHOOL. On said date, Infant Plaintiff was participating in modified physical education activities outdoors under the supervision of substitute teacher aide DAVID ZIMMERMAN.

38. On May 14, 2007 Infant Plaintiff, EDGAR LEON-CARABALLO, picked up a small rock during physical education, which he intended to give to his mother as he was known to do on prior occasions. The Defendant DAVID ZIMMERMAN instructed the Infant Plaintiff to drop the rock. When he did not immediately comply the Defendant, DAVID ZIMMERMAN seized the Infant Plaintiff, took the rock, and threw it to the ground.

39. As a direct and proximate cause of this encounter, Infant Plaintiff EDGAR LEON-CARABALLO suffered immediate and undue stress.

40. Immediately thereafter, in the presence of several HUNTINGTON UNION FREE SCHOOL DISTRICT employees, including Defendant, MARY STOKKERS, Infant Plaintiff was grabbed and forced to the ground by Defendant, POLICE OFFICER ANDREW FIORILLO who without reasonable cause, forced infant Plaintiff to bent

forward at the waist and violently and forcefully handcuffed infant Plaintiff behind his back without Plaintiff's consent. Infant Plaintiff remained handcuffed and on the ground on the ground while in the presence of several school district employees.

41. Upon information and belief at all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO'S assignment was a duty post at HUNTINGTON INTERMEDIATE SCHOOL.

42. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting within the scope of his employment with the SUFFOLK COUNTY POLICE DEPARTMENT.

43. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting within the scope of his employment with the COUNTY OF SUFFOLK.

44. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting within the scope of his employment with the HUNTINGTON UNION FREE SCHOOL DISTRICT.

45. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting within the scope of his employment with the HUNTINGTON INTERMEDIATE SCHOOL.

46. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting at the direction and supervision of the COUNTY OF SUFFOLK.

47. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting at the direction and supervision of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

48. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting at the direction and supervision of the HUNTINGTON INTERMEDIATE SCHOOL.

49. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO was acting at the direction and supervision of the SUFFOLK COUNTY POLICE DEPARTMENT.

50. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO acted and/or held himself out to be an agent and/or employee of the COUNTY OF SUFFOLK.

51. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO acted and/or held himself out to be an agent and/or employee of the HUNTINGTON UNION FREE SCHOOL DISTRICT.

52. At all times hereinafter mentioned, POLICE OFFICER ANDREW FIORILLO acted and/or held himself out to be an agent and/or employee of the HUNTINGTON INTERMEDIATE SCHOOL.

53. As alleged herein, the direct and proximate result of the Defendants' intentional, negligent and wrongful conduct resulted in a deprivation of Infant Plaintiff's civil rights in violation of 42 United States Code Section 1983. Further, Infant Plaintiff, EDGAR LEON-CARABALLO suffered severe and permanent physical and emotional injuries. Plaintiff, ROSA CARABALLO was obliged to and did expend various sums of money for medical treatment, aid and assistance for the Infant Plaintiff, EDGAR LEON-CARABALLO, and will continue to be obliged to and expend sums of money for medical attention and treatment, and was deprived of the society, services and

companionship of her child for a considerable period of time, and was caused continuing mental anguish and psychological injury as a result of the incident. Plaintiffs seek actual and punitive damages from Defendants, as alleged herein.

## FIRST CAUSE OF ACTION- DEPRIVATION OF RIGHTS AND PRIVILEGES IN VIOLATION OF 42 UNITED STATES CODE SECTION 1983

54. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 53 above, with the same force and effect as if fully set forth herein.

55. At all tines hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, were acting under color of statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington.

56. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing their government authority; in the false imprisonment and false arrest of Infant Plaintiff; in the use of excessive force; in the unlawful use of corporal punishment; in the intentional infliction of severe emotional distress; and in the negligent infliction of severe emotional distress.

57. Further, at all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training Defendant POLICE OFFICER ANDREW FIORILLO; in improperly supervising and/or training the aides and/or teachers and/or other personnel responsible for the Infant Plaintiff; in employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident, thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

58. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, were acting under color of statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington.

59. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing their government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

60. Further, at all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in negligently hiring and supervising its employees, agents and/or servants; in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training the aides and/or teachers and/or other personnel responsible for the Infant Plaintiff; in employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching,

moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident, specifically during the last week of January 2008, when Defendant POLICE OFFICER ANDREW FIORILLO, was on school grounds and in direct contact with Infant Plaintiff, thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

61. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, were acting under color of statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington.

62. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United

States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing their government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

63. Further, at all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training the aides and/or teachers and/or student teachers and/or moderators and/or other personnel responsible for the Infant Plaintiff; employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in

causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

64. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, was acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington in her capacity as an employee of Defendants COUNTY OF SUFFOLK, HUNTINGTON UNION FREE SCHOOL DISTRICT and HUNTINGTON INTERMEDIATE SCHOOL.

65. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing her government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

66. Further, at all times hereinafter mentioned, the Defendant, MARY STOKKERS, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in negligently hiring and supervising its employees, agents and/or servants; in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training the aides and/or teachers and/or student teachers and/or moderators and/or other personnel responsible for the Infant Plaintiff; employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

67. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, was acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington in his capacity as an employee of Defendants, COUNTY OF SUFFOLK, HUNTINGTON UNION FREE SCHOOL DISTRICT and HUNTINGTON INTERMEDIATE SCHOOL.

68. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing his government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

69. Further, at all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: In failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in improperly and excessively disciplining Infant Plaintiff; in using

unreasonable and inappropriate force;  in failing to appreciate Infant Plaintiff's physical and mental disabilities; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of;  all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

70. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants, were acting under color of statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington.

71. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and 14th amendment rights including substantive due process liberty interest and equal protection; in abusing their government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

72. Further, at all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42

United States Code Section 1983: in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training Defendant POLICE OFFICER ANDREW FIORILLO; in improperly supervising and/or training the police officers and/or other personnel responsible for the Infant Plaintiff; employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified police officers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of  said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of;  all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

73. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, was acting under color of  the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of

Huntington in his capacity as an employee and/or agent of Defendant, COUNTY OF SUFFOLK.

74. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, was acting under color of  the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington in his capacity as an employee and/or agent of Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT.

75. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, was acting under color of  the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington in his capacity as an employee and/or agent of Defendant, HUNTINGTON INTERMEDIATE SCHOOL.

76. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, was acting under color of  the statutes, ordinances, regulations, customs and usages of the State of New York, County of Suffolk and the Town of Huntington in his capacity as an employee and/or agent of Defendant, SUFFOLK COUNTY POLICE DEPARTMENT.

77. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in unlawfully detaining the Infant Plaintiff; in subjecting Infant Plaintiff to discrimination as a result of his ethnicity and race, as well as his physical and mental disabilities in violation of the Americans with Disabilities Act, 42 U.S.C § 12132; in violating Infant Plaintiff's 5th and

14th amendment rights including substantive due process liberty interest and equal protection; in abusing his government authority; in the false imprisonment of Infant Plaintiff; in the use of excessive force; in the use of unlawful corporal punishment; in the intentional infliction of severe emotional distress; in the negligent infliction of severe emotional distress.

78. Further, at all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, deprived Infant Plaintiff EDGAR LEON-CARABALLO, of his civil rights in violation of 42 United States Code Section 1983: in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in improperly and excessively restraining Infant Plaintiff; in using unreasonable and inappropriate force; in detaining Infant Plaintiff without probable cause; in remaining at the school following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

79. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, acting in his capacity as a reasonably prudent police officer, knew or should have known that his actions were in violation of Infant Plaintiff's civil rights.

## SECOND CAUSE OF ACTION- INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

80. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 79 above, with the same force and effect as if fully set forth herein.

81. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

82. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants had extensive knowledge as to the sensitivities and disabilities of Infant Plaintiff, EDGAR LEON-CARABALLO.

83. At all times hereinafter mentioned, the Defendant COUNTY OF SUFFOLK, their employees, agents and/or servants acted in a manner with utter disregard of the consequences likely to follow.

84. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants were substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of their reckless conduct.

85. At all times hereinafter mentioned, as a result of the conduct of Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

86. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

87. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants had extensive knowledge as to the sensitivities and disabilities of Infant Plaintiff, EDGAR LEON-CARABALLO.

88. At all times hereinafter mentioned, the Defendant HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants acted in a manner with utter disregard of the consequences likely to follow.

89. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants were substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of their reckless conduct.

90. At all times hereinafter mentioned, as a result of the conduct of Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

91. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

92. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants had extensive knowledge as to the sensitivities and disabilities of Infant Plaintiff, EDGAR LEON-CARABALLO.

93. At all times hereinafter mentioned, the Defendant HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants acted in a manner with utter disregard of the consequences likely to follow.

94. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants were substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of their reckless conduct.

95. At all times hereinafter mentioned, as a result of the conduct of Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

96. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

97. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants were involved in and supervised Infant Plaintiff's Individual Education Program, his sessions with the school psychologist and the care he required due to his metabolic disorder. As a result the Defendant, MARY STOKKERS,

her employees, agents and/or servants had extensive knowledge as to the sensitivities and disabilities of Infant Plaintiff, EDGAR LEON-CARABALLO.

98. At all times hereinafter mentioned, the Defendant MARY STOKKERS, her employees, agents and/or servants acted in a manner with utter disregard of the consequences likely to follow.

99. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants were substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of their reckless conduct.

100. At all times hereinafter mentioned, as a result of the conduct of Defendant, MARY STOKKERS, her employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

101. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

102. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, was aware that his assignment as an aide to Infant Plaintiff, EDGAR LEON-CARABALLO, was due to Infant Plaintiff's classification as a special education student. The Defendant, DAVID ZIMMERMAN had knowledge of Infant Plaintiff's disability.

103. At all times hereinafter mentioned, the Defendant DAVID ZIMMERMAN, acted in a manner with utter disregard of the consequences likely to follow.

104. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, was substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of his conduct.

105. At all times hereinafter mentioned, as a result of the conduct of Defendant, DAVID ZIMMERMAN, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

106. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

107. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants knew or should have known of Infant Plaintiff's disability.

108. At all times hereinafter mentioned, the Defendant SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants acted in a manner with utter disregard of the consequences likely to follow.

109. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants were substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of their reckless conduct.

110. At all times hereinafter mentioned, as a result of the conduct of Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or

servants, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

111. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, acted in a manner that was outrageous, shocking, unwarranted, inappropriate and excessive, in the restraint and handcuffing of Infant Plaintiff, EDGAR LEON-CARABALLO.

112. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, knew or should have known of Infant Plaintiff's disability.

113. At all times hereinafter mentioned, the Defendant POLICE OFFICER ANDREW FIORILLO, acted in a manner with utter disregard of the consequences likely to follow.

114. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, was substantially certain that the Infant Plaintiff would suffer severe emotional distress as a result of his conduct.

115. At all times hereinafter mentioned, as a result of the conduct of Defendant, POLICE OFFICER ANDREW FIORILLO, Infant Plaintiff, EDGAR LEON-CARABALLO, suffered extreme emotional distress of such severity that no reasonable person should be expected to endure it.

## THIRD CAUSE OF ACTION-NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS

116. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 115 above, with the same force and effect as if fully set forth herein.

117. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants were responsible to act as reasonably prudent parents in dealing with the students attending Huntington Intermediate School.

118. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, knew that students with disabilities have an increased risk of suffering mental and physical harm as a result of harsh treatment.

119. At all times hereinafter mentioned, the Defendant COUNTY OF SUFFOLK, their employees, agents and/or servants, owed a duty to ensure the proper treatment of Infant Plaintiff, EDGAR LEON-CARABALLO.

120. At all times hereinafter mentioned, the Defendant COUNTY OF SUFFOLK, their employees, agents and/or servants, breached their duty to Infant Plaintiff, EDGAR LEON-CARABALLO: in negligently hiring and supervising its employees, agents and/or servants; in negligently hiring, supervising and monitoring police officers; in improperly supervising and/or training the aides and/or teachers and/or other personnel responsible for the Infant Plaintiff; in employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers and/or police officers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff

from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove defendant POLICE OFFICER ANDREW FIORILLO following said incident, thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

121. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant COUNTY OF SUFFOLK, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

122. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants were responsible to act as reasonably prudent parents in dealing with the students attending Huntington Intermediate School.

123. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, knew that students with disabilities have an increased risk of suffering mental and physical harm as a result of harsh treatment.

124. At all times hereinafter mentioned, the Defendant HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, owed a duty to ensure the proper treatment of Infant Plaintiff, EDGAR LEON-CARABALLO.

125. The Defendant HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, breached their duty to Infant Plaintiff, EDGAR LEON-CARABALLO: in negligently hiring and supervising its employees, agents and/or servants; in negligently hiring, supervising and monitoring police officers; in improperly supervising and/or training the aides and/or teachers and/or other personnel responsible for the Infant Plaintiff; in employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers and/or police officers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident, thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

126. As a direct and proximate result of the negligence of Defendant HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or

servants, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

127. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants were responsible to act as reasonably prudent parents in dealing with the students attending Huntington Intermediate School.

128. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, knew that students with disabilities have an increased risk of suffering mental and physical harm as a result of harsh treatment.

129. At all times hereinafter mentioned, the Defendant HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, owed a duty to ensure the proper treatment of Infant Plaintiff, EDGAR LEON-CARABALLO.

130. At all times hereinafter mentioned, the Defendant HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, breached their duty to Infant Plaintiff, EDGAR LEON-CARABALLO: in negligently hiring and supervising its employees, agents and/or servants; in negligently hiring, supervising and monitoring police officers; in improperly supervising and/or training the aides and/or teachers and/or other personnel responsible for the Infant Plaintiff; in employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or

134. At all times hereinafter mentioned, the Defendant MARY STOKKERS, her employees, agents and/or servants, owed a duty to ensure the proper treatment of Infant Plaintiff, EDGAR LEON-CARABALLO.

135. The Defendant MARY STOKKERS, her employees, agents and/or servants, breached their duty to Infant Plaintiff, EDGAR LEON-CARABALLO: in negligently hiring and supervising her employees, agents and/or servants; in negligently hiring and supervising its employees, agents and/or servants; in improperly supervising and/or training the aides and/or teachers and/or student teachers and/or moderators and/or other personnel responsible for the Infant Plaintiff; employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified aides and/or teachers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which

teachers and/or police officers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER ANDREW FIORILLO following said incident, thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

131. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

132. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants were responsible to act as reasonably prudent parents in dealing with the students attending Huntington Intermediate School.

133. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants, knew that students with disabilities have an increased risk of suffering mental and physical harm as a result of harsh treatment.

Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

136. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant MARY STOKKERS, her employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

137. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, was responsible to act as a reasonably prudent parent in dealing with the students attending Huntington Intermediate School.

138. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, knew that students with disabilities have an increased risk of suffering mental and physical harm as a result of harsh treatment.

139. At all times hereinafter mentioned, the Defendant DAVID ZIMMERMAN, owed a duty to ensure the proper treatment of Infant Plaintiff, EDGAR LEON-CARABALLO.

140. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN, breached his duty to Infant Plaintiff, EDGAR LEON-CARABALLO: In failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in improperly and excessively disciplining Infant Plaintiff; in using unreasonable and inappropriate force; in failing to appreciate Infant Plaintiff's

physical and mental disabilities; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

141. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant, DAVID ZIMMERMAN, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

142. At all times hereinafter mentioned the Defendant SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants, were negligent in hiring and supervising its employees, agents and/or servants; in handcuffing and detaining the Infant Plaintiff; in improperly supervising and/or training the police officers and/or other personnel responsible for the Infant Plaintiff; employing and/or utilizing insufficiently trained and unqualified personnel for purposes of supervising, monitoring, watching, moderating, safeguarding and/or attending to the Infant Plaintiff; in improperly and carelessly leaving the Infant Plaintiff under the control and/or supervision and/or charge of such improperly trained and unqualified police officers; in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in causing, permitting and allowing the within described conduct of said employees to take place; and in failing to remove Defendant POLICE OFFICER

ANDREW FIORILLO following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

143. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

144. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO, failed to use proper methods of restraint and avoid excessive force while on duty as a police officer in dealing with Infant Plaintiff, EDGAR LEON-CARABALLO.

145. At all times hereinafter mentioned, the Defendant POLICE OFFICER ANDREW FIORILLO, breached his duty to Infant Plaintiff, EDGAR LEON-CARABALLO: in failing to properly supervise, monitor, watch, moderate and safeguard the Infant Plaintiff by leaving him improperly attended to creating a hostile learning environment; in failing to adequately supervise students and provide for Infant Plaintiff's safety while attending school; in failing to take the necessary steps, actions and precautions to protect the Infant Plaintiff from injuries; in improperly and excessively restraining Infant Plaintiff; in using unreasonable and inappropriate force; in remaining at the school following said incident thereby causing Infant Plaintiff to attend school in fear of further corporal punishment; in failing to take proper and adequate measures and

precautions to avoid and/or prevent the happening of the occurrence complained of; all of which Defendant had due notice, or by reasonable inspection thereof, might and should have had due notice.

146. At all times hereinafter mentioned, as a direct and proximate result of the negligence of Defendant POLICE OFFICER ANDREW FIORILLO, Infant Plaintiff, EDGAR LEON-CARABALLO suffered and continues to suffer from extreme fear, physical and mental distress.

## FOURTH CAUSE OF ACTION- FALSE ARREST AND FALSE IMPRISONMENT

147. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 146 above, with the same force and effect as if fully set forth herein.

148. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants confined Infant Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

149. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

150. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

151. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants confined Infant

Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

152. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

153. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

154. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants confined Infant Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

155. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

156. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

157. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants confined Infant Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

158. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

159. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

160. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

161. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN confined Infant Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

162. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

163. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

164. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants confined Infant Plaintiff, EDGAR LEON-CARABALLO, within the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

165. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

166. At all times hereinafter mentioned, said unlawful imprisonment and arrest was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

167. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO confined Infant Plaintiff, EDGAR LEON-CARABALLO, within

the school-yard of Huntington Intermediate School through the use of handcuffs and excessive force.

168. At all times hereinafter mentioned, Infant Plaintiff EDGAR LEON-CARABALLO, was aware that he had been handcuffed and did not consent to said confinement.

## FIFTH CAUSE OF ACTION-ASSAULT AND BATTERY

169. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 168 above, with the same force and effect as if fully set forth herein.

170. At all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

171. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, COUNTY OF SUFFOLK, their employees, agents and/or servants, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

172. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

173. At all times hereinafter mentioned, the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants grabbed, restrained

and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

174. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, HUNTINGTON UNION FREE SCHOOL DISTRICT, their employees, agents and/or servants, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

175. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

176. At all times hereinafter mentioned, the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

177. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, HUNTINGTON INTERMEDIATE SCHOOL, their employees, agents and/or servants, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

178. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

179. At all times hereinafter mentioned, the Defendant, MARY STOKKERS, her employees, agents and/or servants grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

180. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, MARY STOKKERS, her employees, agents and/or servants, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

181. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

182. At all times hereinafter mentioned, the Defendant, DAVID ZIMMERMAN grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

183. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, DAVID ZIMMERMAN, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

184. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

185. At all times hereinafter mentioned, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, their employees, agents and/or servants grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

186. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, SUFFOLK COUNTY P OLICE DEPARTMENT, their employees, agents and/or servants, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

187. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

188. At all times hereinafter mentioned, the Defendant, POLICE OFFICER ANDREW FIORILLO grabbed, restrained and handcuffed Infant Plaintiff, EDGAR LEON-CARABALLO, without his consent thereby touching him in an offensive manner.

189. At all times hereinafter mentioned, as a direct and proximate result of the affirmative acts of the Defendant, POLICE OFFICER ANDREW FIORILLO, Infant Plaintiff EDGAR LEON-CARABALLO, suffered severe and permanent physical and emotional injuries.

190. At all times hereinafter mentioned, said assault and battery was done willfully, maliciously, wantonly, unnecessarily and without reasonable cause.

### SIXTH CAUSE OF ACTION -ON BEHALF OF PLAINTIFF ROSA CARABALLO

191. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 190 above, with the same force and effect as if fully set forth herein.

192. That at all times herein mentioned, Plaintiff, ROSA CARABALLO was the mother and natural guardian of the infant plaintiff, EDGAR LEON-CARABALLO, and was obliged to and did expend various sums of money for medical treatment, aid and assistance for the infant Plaintiff, EDGAR LEON-CARABALLO, and will continue to be obliged to and expend sums of money for medical attention and treatment, and was deprived of the society, services and companionship of her child for a considerable period

of time, and was caused continuing mental anguish and psychological injury as a result of Defendants' conduct and actions described herein.

193. That by reason of the foregoing Plaintiff, ROSA CARABALLO, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.


W H E R E F O R E, Plaintiffs, EDGAR LEON-CARABALLO and his Mother and Natural Guardian ROSA CARABALLO, demand judgment awarding actual damages, compensatory damages and punitive damages against Defendants, THE COUNTY OF SUFFOLK, HUNTINGTON UNION FREE SCHOOL DISTRICT, HUNTINGTON INTERMEDIATE SCHOOL, MARY STOKKERS, DAVID ZIMMERMAN, THE SUFFOLK COUNTY POLICE DEPARTMENT, and POLICE OFFICER ANDREW FIORILLO jointly and severally, on each of these causes of action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter and for the costs and disbursements of this action.


August 5, 2008

Respectfully Submitted,

THE LAW OFFICES OF ANTHONY A. CAPETOLA
Attorney for Plaintiffs

BY: _____
      ANTHONY A. CAPETOLA, ESQ. (AC1348)
      Address & P.O. Address
      Two Hillside Avenue, Building C
      Williston Park, New York 11596
      (516) 746-2300

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues.

August 5, 2008

_____
ANTHONY A. CAPETOLA, ESQ.  (AC1348)